UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NASEER AHMED,

        Petitioner,

    v.

TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement; KRISTI NOEM, U.S. Secretary of Homeland Security; JOSEPH FREDEN, Deputy Field Office Bufalo Federal Detention Facility; and PAMELA J BONDI, Attorney General, United States,

        Respondents.
_____

**ORDER**

6:25-CV-6662-EAW

Petitioner Naseer Ahmed ("Petitioner") is a civil immigration detainee currently held at the Buffalo Federal Detention Facility. Petitioner claims that he is being detained in United States Immigration and Customs Enforcement custody pending removal proceedings in violation of the United States Constitution. Therefore, Petitioner seeks relief under 28 U.S.C. § 2241 (Dkt. 1). Petitioner has paid the $5.00 filing fee and is represented by counsel.

By Text Order dated November 14, 2025, the Court directed Respondents to show cause on or before November 19, 2025, why, in light of the Court's decisions in *Quituizaca Quituisaca v. Bondi*, 25-cv-6527; *Najeem v. Freden*, 25-cv-6584; *Mendoza v. Bondi*, 25-cv-954; and *Martinez v. Bondi*, 25-cv-6508, finding that noncitizens who are present in the

United States without having been admitted or paroled are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are subject to detention under section 1226, the petition in this case should not be granted to the extent it seeks a bond hearing, and the Court should not order that Petitioner receive a bond hearing at which the government bears the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk and at which the immigration judge must consider non-bond alternatives to detention or, if setting a bond, Petitioner's ability to pay. (Dkt. 2).

In response to the Court's order to show cause, Respondents indicate that Petitioner is not being detained pursuant to 8 U.S.C. § 1225(b)(2), but instead is subject to expedited removal pursuant to 8 U.S.C. § 1225(b)(1)(a)(iii), and proposes that they be permitted the standard 45-day deadline to respond to an immigration habeas petition. (Dkt. 4). Petitioner opposes a 45-day deadline and urges the Court to require Respondents to respond within 7 days. (Dkt. 5).

Under 28 U.S.C. § 2243, the Court must "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." The statute further provides that the writ "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

"However, as courts in this district have observed, '[o]beying the explicit directives of section 2243 is not possible.'" *Hayon v. Reardon*, No. 20-CV-4668 (PKC), 2021 WL 25365, at *7 (E.D.N.Y. Jan. 4, 2021) (quoting *In re Habeas Corpus Cases*, 216 F.R.D. 52,

54 (E.D.N.Y. 2003)). Rather, the time limitations set forth therein are to be read in conjunction with the Rules Governing Section 2254 Cases in the United States District Courts, and Habeas Rule 4 provides that the judge may order a response to a petition "within a fixed time." *Oliphant v. Quiros*, No. 3;09CV1771(VLB), 2010 WL 2011026, at *1 (D. Conn. May 18, 2010) (quoting Rule 4).

Balancing the circumstances present here and the matters raised by Petitioner in the petition, the Court concludes that good cause warrants affording Respondents more time than is provided in § 2243 to provide a response to the petition, while at the same time recognizing the appropriateness of expediting the standard deadlines set forth in the Western District of New York's standing order, *In the Matter of E-Service of Habeas Corpus Cases Pursuant to 28 U.S.C. § 2241* (Apr. 11, 2018). Therefore, it is hereby

ORDERED that on or before **December 5, 2025**, Respondents shall file and serve an **answer** responding to the allegations in the petition; and it is further

ORDERED that on or before **December 5, 2025**, Respondents shall file and serve, in addition to the answer, a **memorandum of law** addressing each of the issues raised in the petition and including citations to supporting authority and applicable sections of the Immigration and Nationality Act; and it is further

ORDERED that on or before **December 5, 2025**, instead of an answer, Respondents may file a **motion to dismiss** the petition, accompanied by appropriate exhibits demonstrating that an answer to the petition is unnecessary; and it is further

ORDERED that on or before **December 12, 2025,** Petitioner shall file a **written response**. Oral argument will be heard on **December 18, 2025, at 10:00 a.m.** Counsel

must appear in person unless permission is granted to attend remotely based upon a request made at least 3 days prior to the appearance.

    SO ORDERED.

Dated:    November 18, 2025
           Rochester, New York

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court